# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHNNIE EDWARD BANKS, JR.,<br><br>*Defendant.* | CASE NO. 3:13-cr-00003<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Johnnie Edward Banks, Jr.'s motions for compassionate release filed through counsel. Dkts. 189, 190, 215, 216. Therein, Defense counsel has argued that extraordinary and compelling circumstances warrant release on account of the sentencing disparity between the sentencing guideline range that was in effect when Banks was sentenced and that which would be in effect today. For the reasons that follow, the Court finds Defense counsel's arguments well taken—especially those advanced in Dkts. 215 and 216 after recent precedent from the Fourth Circuit. Thus, the Court will grant those motions in part and reduce Banks' sentence to 148 months' incarceration. That is a 40-month reduction from his original sentence of 188 months' incarceration. However, Banks has not established that his request for immediate release is warranted, or that any lesser sentence than 148 months' incarceration would satisfy the § 3553(a) factors.

## Background

In August 2013, Banks pleaded guilty to distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), with the benefit of a plea agreement. Dkts. 79, 80 (guilty plea form and plea agreement). In December 2013, the Court sentenced Banks to a term of imprisonment of 188 months. Dkt. 112 (judgment).

1

As reflected by the presentence investigation report ("PSR"), the Court concluded that Banks' total offense level was 31. Dkt. 146 at 7 (¶ 34). A two-level enhancement was applied because a dangerous weapon (a handgun) was possessed during drug transactions. And another two-level enhancement was applied for obstruction of justice because Banks "recklessly created a substantial risk of death or serious bodily injury to another person" by fleeing, first in an SUV and then on foot, from law enforcement in July 2012. *Id.* at 5–7 (¶¶ 17, 26, 29).

The Court also concluded that Banks' criminal history category of V became VI on account of his designation as a career offender. Dkt. 146 at 11 (¶ 49); Dkt. 189 at 1–2; Dkt. 202 at 3. Banks' criminal history included Virginia convictions for breaking and entering (2007) and manufacturing with intent to sell cocaine (2009). Dkt. 146 at 8–9. Banks' advisory sentencing guideline range was 188 to 235 months' incarceration with the career offender enhancement. Dkt. 146 at 11 (¶ 49), 14 (¶ 71); Dkt. 189 at 2; Dkt. 202 at 3. The Court sentenced Banks to 188 months' imprisonment, the low end of the guidelines, followed by four years' supervision. Dkt. 112. The Bureau of Prisons website reflects that Banks is located at U.S.P. Thomson, and that his anticipated release date is November 9, 2026.

Banks has filed numerous pro se motions for compassionate release and various other forms of relief. Presently at issue before the Court are Banks' motions for compassionate release and supplemental filings by Defense counsel, who submitted a written request to the Warden, U.S.P. Thomson, seeking compassionate release. Dkts. 189, 190, 215, 216. The Warden denied Banks' request. Dkt. 190-1; Dkt. 202 at 4.

<u>Statutory Framework</u>

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting

"the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A).

## Exhaustion of Administrative Remedies

The "threshold requirement" in § 3582(c)(1)(A) that a defendant exhaust administrative remedies is a "non-jurisdictional claim-processing rule," which "may be waived or forfeited" by the Government. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Here, there is no dispute, and the Court finds, that Banks has exhausted his administrative remedies. Dkt. 190, 190-1; Dkt. 202 at 4.

## Extraordinary & Compelling Reasons

The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted). To be sure, the Government had first opposed Banks' request for compassionate release arguing that the Bureau of Prisons' policy statement about what constitutes "extraordinary and compelling

reasons" for compassionate release, U.S.S.G. § 1B1.13, was binding upon the Court, and that such circumstances were not met here. Dkt. 202 at 7–13. But, as Defense counsel noted in her more recent supplemental motion for compassionate release, Dkt. 215 at 1, this argument was ultimately foreclosed by the Fourth Circuit in *McCoy*, 981 F.3d at 282 & n.7, in view of the court's holding that § 1B1.13 may offer helpful guidance but is not a threshold requirement to demonstrate extraordinary and compelling circumstances. *United States v. Henriquez*, No. 1:15-cr-225, 2021 WL 5771543, at *3 (M.D.N.C. Dec. 6, 2021). Accordingly, although the policy statement in U.S.S.G. § 1B1.13 is not binding, the Court finds helpful and will consider certain of its provisions, including "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and whether "[t]he defendant is … a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13.

Defense counsel contends that Banks has established extraordinary and compelling reasons for a lesser sentence or release because Banks would no longer be considered a career offender if sentenced today. Dkt. 189 at 12–13; Dkt. 215 at 1–3; Dkt. 216. One of the convictions originally qualifying Banks as a career offender was his Virginia conviction for breaking and entering (burglary). But under current sentencing law, burglary would not qualify. Dkt. 189 at 1–2, 12–13; *see also* Dkt. 146 at 8 (¶ 37), 11 (¶ 49) (PSR).

Defense counsel is correct that Banks would not be sentenced as a career offender today. Under U.S.S.G. § 4B1.1, a defendant is a career offender for sentencing purposes if (1) he is eighteen years old at the time of the instant offense; (2) he has two prior felony convictions that qualify as a crime of violence or a controlled substance offense; and (3) the instant offense is a crime of violence or a controlled substance offense. However, today, Banks' "conviction for breaking and entering would not meet the definition of 'crime of violence' under U.S.S.G.

§ 4B1.2(a) because the United States Sentencing Commission amended the guideline in 2016 to delete 'burglary of a dwelling' from the list of enumerated offenses. Thus, the career offender enhancement would not apply ...." *See United States v. Royster*, 506 F. Supp. 3d 349, 353 (M.D.N.C. 2020). Accordingly, were he sentenced today, Banks' total offense level would be 25 and his criminal history category would be V (instead of VI), Dkt. 146 at 7 (¶ 34), 11 (¶ 48),[1] resulting in an advisory sentencing guideline range of 100–125 months (instead of 188–235). That is a difference of 88 months, or more than seven years, between the low-end of Banks' career offender guideline and the low-end of the non-career offender guideline if Banks were sentenced today. This, Defense counsel argues, constitutes such a gross disparity in the severity of Banks' original sentence and under current law, that it qualifies as extraordinary and compelling circumstances supporting a reduction in his sentence. Dkt. 215 at 3.

For its part, the Government does not dispute that Banks would not be considered a career offender if he were sentenced today. *See* Dkt. 202 at 3 (noting same prior convictions supporting his career offender status); *id.* at 13–14. Neither does the Government dispute that today Banks' guideline range would be 100–125 months (instead of 188–235). *See id.*

Rather, the Government argues that a non-retroactive change in the career offender guideline does not give rise to exceptional and compelling reasons to justify a reduction in sentence. *See* Dkt. 202 at 13–24. In the Government's view, Banks' request would amount to "another bite at the apple" challenging his sentence, and an "end-run" around laws governing

---

[1] The Government does not challenge Defendant's argument that if he were sentenced today, his total offense level would be 25. Dkt. 189 at 2; Dkt. 202 at 13–14. The Court agrees. Based on his conviction for distributing more than 28 but less than 112 grams of cocaine base, Banks' base offense level today would be 24. The two-point enhancements would remain for obstruction of justice and possessing a dangerous weapon resulting in an adjusted offense level of 28. After subtracting the three points for acceptance of responsibility, Banks' total offense level would be 25. *See* Dkt. 146 at 6–7.

sentencing and post-conviction relief. *Id.* at 19–22. The Government also characterizes the authority supporting Banks' position as limited and unpersuasive; and cites out-of-circuit decisions that "rejected a post-sentencing change in case law as an extraordinary and compelling reason" for a sentence reduction. *Id.* at 21. But the Fourth Circuit in *McCoy* explained that a defendant may seek to establish "extraordinary and compelling reasons" for a sentence reduction based upon "the severity of the defendant['s] … sentence[ ] and the extent of the disparity between the defendant['s] sentence[ ] and [that] provided for under [current law]." 981 F.3d at 286; *see also id.* at 288 (finding no error in district court's "reliance on the length of the defendants' sentences, and the dramatic degree to which they exceed what Congress now deems appropriate, in finding 'extraordinary and compelling reasons' for potential sentence reductions"). Furthermore, in *McCoy* the Government raised an analogous argument that a district court "taking into account the First Step Act's elimination of § 924(c) sentence-stacking" in the context of a defendant's § 3582(c)(1)(A)(i) motion for compassionate release would "impermissibly give that provision retroactive effect." 981 F.3d at 286. The Fourth Circuit disagreed, explaining that, far from a retroactive change prompting "automatic vacatur and resentencing of an entire class of sentences," compassionate release under § 3582(c)(1)(A)(i) is available only to those defendants "who can meet the heightened standard of 'extraordinary and compelling reasons'" to obtain relief. *Id.* at 286–87.

Banks' argument that he is entitled to consideration for a reduced sentence is further strengthened by more recent decisions from the Fourth Circuit and district courts within the Fourth Circuit. For instance, in *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021), the Fourth Circuit reversed the denial of a motion for a reduction in sentence under First Step Act § 404. The Fourth Circuit cited the district court's failure to recalculate the Guidelines range in

light of intervening case law, especially its continued application of the defendant's Guideline

range with a career-offender enhancement, although "changes in law indicate that [he] cannot

now be sentenced as a career offender." *Id.* at 176. Specifically, the Fourth Circuit noted that,

"[w]hile at the time of his sentencing Lancaster's instant offense—conspiracy to traffic in crack

cocaine and cocaine powder … was considered to be a controlled substance offense" qualifying

as a predicate offense for the career offender enhancement, "that is no longer the case." *Id.*

(citing *United States v. Norman*, 935 F.3d 232, 237–39 (4th Cir. 2019)). Lower courts applying

*McCoy* and *Lancaster* have held that subsequent changes in sentencing law—even non-

retroactive ones on collateral review, such as the fact that a defendant would no longer qualify as

a career offender—may be considered in assessing whether a defendant has shown

"extraordinary and compelling reasons" supporting a sentence reduction under §

3582(c)(1)(A)(i). *See, e.g.*, *United States v. Williams*, No. 14-cr-428, 2021 WL 5827327, at *5–7

(E.D. Va. Dec. 8, 2021) (relying on *McCoy* and *Lancaster*; holding that "defendants who … no

longer qualify as 'career offenders' may suffer from the kind of sentencing disparity that the

compassionate release statute was intended to capture"); *United States v. Hunt*, No. 4:17-cr-1,

2021 WL 4841198, at *2 (W.D. Va. Oct. 18, 2021); *United States v. Richards*, No. 3:11-cr-31,

2021 WL 3861599, at *4 (W.D. Va. Aug. 30, 2021) (citing cases); *United States v. Shaw*, No.

5:13-cr-25, 2021 WL 3007266, at *4–5 (W.D. Va. July 15, 2021).

Having concluded that these changes in sentencing law *can* give rise to extraordinary and

compelling circumstances supporting a reduction in sentence, the Court next considers whether

*in this case* the change in the sentencing law constitutes an extraordinary and compelling reason

for a sentence reduction. The Court finds that it does. Notably, the sentencing guideline range

that applied during Banks' original sentencing, 188 to 235 months' incarceration was based on

7

his status as a career offender, and the Court sentenced Banks to 188 months' incarceration—the low end of the guideline range. By contrast, it is undisputed that today Banks would not be designated as a career offender and his guideline range would be much less, 100 to 125 months, and thus, the low end of the range would be 88 months lower. The Court finds that the difference in the applicable advisory sentencing guideline range is indeed substantial, constituting the sort of "gross disparity" between sentences and later changes of sentencing laws that the Fourth Circuit has concluded qualifies as extraordinary and compelling reasons supporting a sentence reduction under *McCoy*. *See, e.g.*, *Richards*, 2021 WL 3861599, at *4 (holding that a 60-month reduction in mandatory minimum sentence qualifies as "a substantial disparity" in sentences under *McCoy*).

## Section 3553(a)

The fact that "extraordinary and compelling reasons" exist for a sentence reduction does not, without more, require a district court to reduce a defendant's sentence. The Court must determine that the applicable § 3553(a) factors also support a reduction in sentence. *See United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("Moreover, a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) without 'considering the factors set forth in section 3553(a) to the extent that they are applicable'"); *see also United States v. Spencer*, 521 F. Supp. 3d 606, 610 (E.D. Va. 2021) ("The Defendant is correct that he would not receive the career offender enhancement under U.S.S.G. § 4B1.1, if he were sentenced today. That alone, however, does not automatically entitle the Defendant to a reduction in sentence."); *United States v. Riggleman*, No. 5:11-cr-124, 2021 WL 6126053, at *3 (S.D. W. Va. Dec. 28, 2021) (denying motion for reduced sentence despite fact that defendant was no longer a career offender when "the § 3553(a) factors strongly counsel against release"). Those § 3553(a) factors include: the nature

and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vacation training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

The Government argues that the § 3553(a) factors weigh against a sentence reduction. Dkt. 202 at 25–26. The Court cannot agree that *no* reduction is appropriate. However, upon consideration of the new, reduced advisory sentencing guideline range and of the § 3553(a) factors—including the history and characteristics of the defendant, and the need to protect the public from further crimes by defendant and to afford adequate deterrence to criminal conduct— the Court finds that while a reduction in sentence is warranted, Banks' request for immediate release is not.

A defendant's post-sentencing conduct is a significant factor when addressing whether and the extent to which a sentence reduction is appropriate. A defendant's post-sentencing conduct "provides the most-up-to-date picture of [a defendant's] 'history and characteristics.'" *Pepper v. United States*, 562 U.S. 476, 492 (2022) (quoting 18 U.S.C. § 3553(a)(1)); *see also Lancaster*, 997 F.3d at 175; *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (holding that, in ruling on First Step Act motion, district court "must also at least weigh [defendants'] conduct in the years since their initial sentencings").

Here, Banks has not been a model inmate—far from it. Dkt. 202-1. In 2018, Banks was sanctioned for forging the signature of staff members; possessing homemade alcohol on the compound; engaging in disruptive conduct; and being absent from assignment. *Id. at* 4–5. In

2019, Banks was sanctioned for engaging in disruptive conduct understood to be a bribe, and for making a "sexual proposal/threat." *Id.* at 4. That year, Banks also was found to have possessed a non-hazardous tool; been insolent to a staff member (twice); and destroyed property of $100 value or less. *Id.* at 2–4. And in 2020, Banks was sanctioned for bribing an official or staff member; masturbating in the presence of staff; threatening bodily harm to staff and refusing to obey and order; and interfering with staff based on communications encouraging an intimate relationship. *Id.* at 1–2. On the one hand, the list of Banks' infractions is as varied as it is lengthy. Moreover, the Court discerns an unmistakable thread that runs through a number of Banks' infractions which evidences, at best, contumacious behavior more indicative of recidivism than rehabilitation. On the other hand, the record before the Court offers little description as to a number of incidents resulting in discipline, including being insolent to staff, disruptive conduct, and refusing to obey an order. Dkt. 202-1 at 1–4. Other BOP infractions like destruction of property or being absent from assignment do not involve violence or drugs. *Id.* at 3, 4.

Among the infractions most significant to the Court's consideration are Banks' infractions for threatening staff with bodily harm in September 2020, and making a sexual proposal/threat in September 2019. *Id.* at 2–3, 6. Neither the BOP records nor the Government's filing elaborate on the circumstances of the offenses. *See id.*; Dkt. 202 at 25–26. The Court finds significant the timing of the offenses—they are not so remote in time as to bear *no* relation to the factor of protecting the public; yet they are not so recent (without further elaboration of the circumstances) as to prompt acute concern about risk to public or others' safety were Banks released. The Court also considers Banks' BOP disciplinary record in light of Banks' pre-incarceration criminal history, which, as Defense counsel argues, largely lacks indicia of violence and is mostly characterized by narcotics or traffic offenses, save for his 2007 breaking and

entering conviction. *See* Dkt. 189 at 14; Dkt. 146 at 8–10. Nor does Banks' disciplinary record

disclose recent infractions for assault or the like. *See* Dkt. 202-1 at 1–6.

Little argument has been presented concerning rehabilitative efforts by Banks. Dkts. 189

at 14–16; Dkts. 215, 216. And while Defense counsel cited authority that supports a conclusion

that Banks has presented extraordinary and compelling reasons for a sentence reduction based on

the decreased guideline range, Dkts. 215, 216, such authority is also partly distinguishable largely

on account of Banks' less-than-exemplary record during incarceration. In *Shaw*, Chief Judge

Urbanski applied the same percentage downward variance from the low end of a subsequently

reduced guideline range in granting the defendant's motion for compassionate release. However,

in doing so, Chief Judge Urbanski noted that Shaw only had one "incident of misconduct on his

BOP Disciplinary Records" that "involved no violence or drugs, and his BOP disciplinary record

is otherwise clean." *Shaw*, 2021 WL 3007266, at *6. In *Brown*, this Court found extraordinary

and compelling reasons to reduce a defendant's sentence when under current sentencing law the

defendant would not be sentenced as a career offender. *See United States v. Brown*, No. 3:15-cr-

17, 2021 WL 2389881, at *10 (W.D. Va. June 11, 2021). But there, this Court noted that "[s]ince

his incarceration in 2015, Brown has maintained a clean BOP disciplinary record," had completed

programs for anger management and drug education, and "BOP rate[d] his recidivism risk level as

low and classifie[d] his security risk as low." *Id.* at *11. And even in *Brown*, where the defendant

presented a stronger case for rehabilitation, the Court found that the § 3553(a) factors did not

warrant immediate release. *Id.* at *11. The other cases relied upon by Defense counsel presented

circumstances in which the defendants demonstrated rehabilitation and better disciplinary records.

*United States v. Trice*, No. 7:13-cr-34, 2021 WL 402462, at *3–4 (W.D. Va. Feb. 3, 2021)

(Conrad, J.) (granting immediate release based on subsequent change in sentencing law rendering

defendant no longer a career offender, when the defendant "incurred only one institutional infraction while incarcerated and has completed the Residential Drug Abuse Program"); *United States v. Stuart*, 5:92-cr-114, 2020 WL 7232074, at *4 (E.D.N.C. Dec. 8, 2020) (granting immediate release, noting "[a]lthough the BOP has sanctioned [the defendant] for 11 prohibited acts, defendant committed the last prohibited act more than nine years ago").

The Court further notes, as Defense counsel argued, Banks' relative youth (he was in his early twenties) when he committed the criminal conduct that underlies his conviction. Dkt. 189 at 14. While that fact does somewhat weigh in Banks' favor, his BOP disciplinary record renders less persuasive an argument that Banks' criminal conduct was largely due to youthful errors of judgment and that he has learned his lesson. The Court also notes the Government's argument that Banks remains at a high risk for recidivism. Dkt. 202 at 26. However, such concerns over risks of recidivism are offset to an extent given that Banks will upon release still be on supervised release for a period of four years. *See* Dkt. 112 at 2.

At bottom, the Court is presented with the following situation: Banks' guideline range was reduced significantly after his sentence (now 100–125, when it was 188–235 months), and caselaw establishes that such gross disparities in sentencing can constitute extraordinary and compelling reasons for a sentence reduction. However, as for Banks himself, his conduct while incarcerated demonstrates contumacious behavior rather than rehabilitation, and some significant and relatively recent BOP infractions. While in some respects he is better positioned now than at his initial sentencing (with respect to the sentencing guideline range), his position is worse with respect to his history and characteristics on account of his BOP infractions. And even if the record does not establish that Banks would be a threat to the safety of the public if released, the sentence imposed must be consistent with the goals of both specific and general deterrence and must

12

account for Banks' history and characteristics. The other factors, including the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and to promote respect for the law, have all either been considered as set forth above with respect to changed advisory guidelines, or are comparably positioned at this point to what they were at Banks' original sentencing.

<u>Conclusion</u>

For these reasons, and pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court **finds** that extraordinary and compelling reasons support Banks' request for a sentence reduction, and that the § 3553(a) factors support a reduction in sentence. The Court has considered the § 3553(a) factors and **finds** that they support a reduction in sentence to a term of imprisonment of **148 months**, and that such sentence imposed is sufficient, but not greater than necessary, to comply with the § 3553(a) sentencing factors. That is a reduction of 40 months from Banks' original sentence of 188 months. Conversely, the Court **finds** that no lesser sentence than 148 months' incarceration would satisfy the relevant § 3553(a) factors, including (but not limited to) the need to afford adequate deterrence.

Accordingly, the Court will **REDUCE** Banks's sentence to a term of **148 months' incarceration**. All other terms of Banks' sentence will remain **unchanged**.

For these reasons and to this extent, the Court will **GRANT** in part Banks' motions for compassionate release. Dkts. 189, 190, 215, 216. As this Court has granted in part Banks' motions for compassionate release by counsel, the Court **DENIES as MOOT** his *pro se* motions for compassionate release or related relief. *See* Dkts. 145, 151, 161, 167, 173, 199, and 219. To the extent Mr. Banks believes that the Court has not addressed a meritorious argument set forth in his *pro se* motions, he may file a **motion to reconsider** within **twenty-one (21) days**, setting out in a

13

new filing any such argument(s), if any.

The Court also notes that Mr. Banks has filed motions asking that his appointed counsel no longer represent him and further requesting that certain prior motions be deemed withdrawn. *See* Dkt. 222, *see also* Dkt. 205. In view of the Court's ruling affording Mr. Banks a reduction in sentence as set forth herein, the Court will **TAKE UNDER ADVISEMENT** these two motions for **twenty-one (21) days**, pending any further filings in this case.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to Defendant, all counsel of record and to the U.S. Marshals Service.

Entered this  25th  day of January, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

14