# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHNNIE EDWARD BANKS, JR.,<br><br>*Defendant / Petitioner.* | CASE NO. 3:13-cr-00003<br><br>**ORDER**<br><br>JUDGE NORMAN K. MOON |

    The Court has already considered numerous motions by Defendant Johnnie Edward Banks, Jr., a federal inmate mostly proceeding *pro se*, seeking a reduction in his sentence.[1] The Court issued a memorandum opinion and order granting, in part, his counseled motion for sentence reduction, lowering Defendant's term of incarceration from 188 to 148 months—a 40-month reduction. Dkt. 223. However, the Court concluded that Defendant "had not established that his request for immediate release [was] warranted, or that any lesser sentence than 148 months' incarceration would satisfy the § 3553(a) factors." Dkt. 223 at 1.

    Defendant subsequently filed ten *pro se* motions for reconsideration or filings in support thereof, seeking a further reduced sentence. Dkts. 224, 226, 227, 228, 229, 230, 232, 236, 237 and 239. The Court denied Defendant's requests in another memorandum opinion and order. Dkt. 241. Undeterred, Defendant has since filed four more motions to reconsider—his eleventh through fourteenth such requests. Dkts. 242, 243, 246, 248. Defendant has also filed a notice of appeal from the Court's memorandum opinion denying his earlier requests for reconsideration, which appeal is now pending in the Fourth Circuit. Dkts. 247.

---

[1] In addition to his counseled briefing in support of a sentence reduction, Defendant also filed a multitude of additional *pro se* filings. *See, e.g.*, Dkts. 145, 151, 161, 167, 173, 199, 219, 224, 226, 227, 228, 229, 230, 232, 236, 237, and 239.

The Court has limited ability to rule on Defendant's requests for reconsideration on account of his filing the notice of appeal. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Because Defendant appealed the Court's decision denying his requests for reconsideration of the Court's earlier order granting in part his request for a reduction in sentence, the Court's options to rule on Defendant's most recent motions are limited to those provided for in Federal Rule of Criminal Procedure 37(a). *United States v. Pawlowski*, 967 F.3d 327, 329 & n. 4 (3d Cir. 2020) (holding that district court lacked jurisdiction to grant later-filed compassionate release motion while appeal of defendant's conviction and sentence was pending, and district court's options were limited to those set forth in Fed. R. Crim. P. 37(a)). Pursuant to Rule 37(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court has three options available to it: it may defer considering the motion, deny it, or "state that it would either grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.*

The Court has considered Defendant's tenth through fourteenth motions seeking reconsideration of the Court's earlier decision. Dkts. 242, 243, 246, 248. The Court concludes that Defendant has not provided any good reason for the Court to reconsider its prior ruling. Indeed, the vast majority of arguments Defendant makes in his most recent motions are simply a rehash of prior arguments the Court has already considered (if not multiple times). Accordingly, the Court continues to find that a sentence of 148 months' incarceration satisfied the relevant § 3553(a) factors, but that Defendant "had not established that his request for immediate release

[was] warranted, or that any lesser sentence than 148 months' incarceration would satisfy the § 3553(a) factors." Dkt. 223 at 1.

First, Defendant continues to argue that he would not be considered a "career offender" under the Guidelines if sentenced today, and that his guideline range would now be 100–125 months. Dkt. 242 at 2, 6; Dkt. 246 at 2–3. The Court has already considered that argument at length, as supporting his original reduction in sentence but no more. Dkt. 223 at 4–8; Dkt. 241 at 3. Next, Defendant asserts that his status as a "high risk" offender resulted in him being placed "around inmates with much [more] severe crimes and prior history," which he argues "mentally traumatize[d] [him] and exposed him to serious danger." Dkt. 242 at 3. Defendant previously raised this same argument, and, as before, failed to "elaborate[] with any specifics." Dkt. 241 at 11–12 n. 3. Because the Court finds "[t]hese arguments are vague and wanting in any factual detail," so too here they "support neither a finding of extraordinary and compelling circumstances nor any reduction in sentence." *Id.*[2]

Second, Defendant appears to summarily repeat arguments previously made that, in his view, his presentence investigation report incorrectly subjected him to two, two-point enhancements (specific offense characteristics). Dkt. 242 at 2. The Court has already considered and rejected these arguments. Dkt. 241 at 7.

Third, Defendant concedes that he "do[es] have institution infractions," but he appears to argue that "[d]isciplinary actions do not justify" a sentence above the sentencing guideline range he would have if sentenced today. Dkt. 242 at 3–4. He says he has "suffered punishments already" for the infractions. *Id.* at 3; *see also* Dkt. 246 at 2. Again, the Court has considered this

---

[2] Defendant's arguments on this issue in a later motion were similarly vague. Dkt. 246 at 3. In any event, this Court issued an order stating that where the Defendant attempted to obtain relief based on alleged civil rights violations during his period of incarceration, the Court directed the Clerk to docket th emotion as a complaint in a new civil case. Dkt. 245.

argument and explained that a defendant's "post-sentencing conduct—including both positive conduct in terms of his steps toward rehabilitation, as well as negative conduct in terms of infractions while in custody—all can be considered by the Court in deciding whether a reduction of Defendant's term of imprisonment is warranted." Dkt. 241 at 10 (citing, e.g., *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022)). Defendant argues that he is not a danger to the community or safety of any other person. Dkt. 242 at 5; Dkt. 243 at 1 ("I've never had any violent charges or any such incidents"); Dkt. 248 at 1 ("I have 'never' harmed a single person in my life physically"). He also argues that "burglary is an offense that does not support severely enhanced punishment." Dkt. 242 at 4.

      The Court, however, has considered in detail Defendant's criminal history and his institutional infractions in assessing the issue whether, and to what extent, Defendant could pose a threat to the community. Dkt. 223 at 9–11; Dkt. 241 at 11–12. The record in this regard is the same—"Banks has not been a model inmate." Dkt. 223 at 9. The Court already detailed the litany of institutional infractions, and some that were of greater concern from the perspective or risk to safety. Dkt. 223 at 9–10 (e.g., in 2020, Banks "was sanctioned for bribing an official or staff member, masturbating in the presence of staff; threatening bodily harm to staff; and refusing to obey an[ ] order; and interfering with staff based on communications encouraging an intimate relationship"). The "list of [Defendant's] infractions is as varied as it is lengthy." *Id.* And, as before, Defendant faults the BOP and Government for institutional infraction records lacking in detail. Dkt. 242 at 5. However, as in his prior motions, Defendant has "offered no more than generalized argument" about his institutional infractions from his own perspective, Dkt. 241 at 11. Defendant still "has not attempted to explain, much less substantiate, how any of the offenses previously described did not involve violence or the threat of violence or should

otherwise be considered in a less serious light." *Id.* Again, Defendant has merely rehashed his prior briefing.[3] The Court continues to conclude that Defendant has incurred "numerous serious and recent disciplinary infractions, which show little if any signs of abetting." Dkt. 241 at 18.

Fourth, Defendant argues that he has participated in further educational programming while incarcerated. Dkt. 242 at 4–6; Dkt. 243 at 2–3; Dkt. 246 at 3. The Court previously considered these educational and other rehabilitative efforts during incarceration. Dkt. 241 at 13–14. To be sure, Defendant has attached documents appearing to show that he has participated in some additional educational opportunities—four courses, it appears, in 2022. Dkt. 242 at ECF 7, 8. The Court's assessment of Defendant's steps to avail himself of these opportunities remains the same, they do "show[ ] some rehabilitative efforts by Defendant," but Defendant "didn't avail himself of such opportunities as fully as he might have." Dkt. 241 at 13. For instance, it appears Defendant took four courses in 2022, but two met just for one hour. Dkt. 242 at ECF 7. Thus while "any efforts Defendant has undertaken toward rehabilitation are to be commended," "they fall short of any showing that a *further* reduced sentence (below 148 months) is warranted." Dkt. 241 at 13–14.

Fifth, Defendant argues that he now "qualifies for home confinement under the First Step Act." Dkt. 242 at 1; Dkt. 243 at 2. The Court previously considered this argument and explained that it "lacks authority to convert a custodial sentence to one of home confinement," and further, that Defendant has not shown any extraordinary and compelling reasons for a further reduction in sentence below 148 months' incarceration. Dkt. 241 at 18–19.

Sixth, Defendant argues that the sentence imposed has taken a toll on his relationships

---

[3] To the extent Defendant argues that risk of harm from his release would be lessened because he would be on supervised release, the Court has already taken that into account when it reduced Defendant's sentence to 148 months. Dkt. 223 at 12.

5

with his family and friends, and that "the only real relationships [he] ha[s] are with [his] kids and [his] mother." Dkt. 248 at 1–3.[4] The Court has already considered, in substantial part, these arguments with respect to his family ties. Dkt. 241 at 15–16. The Court continues to find that, "[w]hile such family ties and support no doubt have been invaluable to Defendant while incarcerated and will also help facilitate his adjustment upon his eventual release, Defendant has not presented any factors considering his family circumstances that would constitute extraordinary and compelling circumstances or an additional reduction in his term of incarceration." *Id.* at 16.

Defendant's other arguments are also meritless or have already been considered. For instance, Defendant argues in a cursory way that he "qualifies for all incentives under the First Step Act," but "has not receive[d] what [he] is due according to [the First Step Act]." Dkt. 242 at 4. Defendant does not explain what he believes he "is due" or how he has not received a "reduction in time" to which he believes he is entitled. (As previously stated, the Court has rejected the argument that any further educational courses Defendant took warranted any further reduction in sentence). He also repeats that he was young when he was convicted but has since matured, turned over a new leaf, no longer has a "drug problem," and has prepared himself to reintegrate into the community. Dkt. 246 at 4; Dkt. 248 at 1. While these statements are encouraging signs that Defendant is committed to a new life and not returning to any criminal conduct upon his eventual release, the arguments have already been considered, Dkt. 241 at 16–17, and in any event, they do not support any further reduction in sentence.

The Court has considered each of Defendant's arguments in his tenth through fourteenth

---

[4] Defendant also argues that he witnessed his brother drown 22 years ago, which traumatized Defendant at a young age. Dkt. 248 at 3. The Court does not doubt Defendant's statement of the effect this tragic incident had on him, but this does not support any further reduction in sentence beyond that which this Court already afforded Defendant.

6

motions for reconsideration. They present no valid ground for the Court to revisit its prior determination, nor support any further reduction in sentence. Accordingly, pursuant to Fed. R. Crim. P. 37(a), the Court concludes that Defendant's motions for reconsideration will be and hereby are **DENIED**. Dkts. 242, 243, 246, 248. To be clear, the Court does not find that Defendant has presented any "substantial issue" as would warrant notifying the Fourth Circuit and inquiring of a remand. Fed. R. Crim. P. 37(a).

    It is so **ORDERED**.

    The Clerk of Court is directed to send this Order to Defendant and counsel for the United States.

    Entered this __24th__ day of January, 2023.

*[Signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE